W. T. WHITE AND C. H. WHITE, EXECUTORS OF THE ESTATE OF ASA L. WHITE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12768.   Promulgated February 19, 1929.

*Neil E. Larkin, Esq.,* for the petitioners.
*R. H. Ritterbush, Esq.,* for the respondent.

474

OPINION.

MARQUETTE: There is but one question involved here, namely: Were the gifts of corporate stock by decedent to his son, his nephew and his daughter in May, 1922, and the trust fund established by him in July, 1923, for the benefit of his grandson, made in contemplation of death within the meaning of the statute? Inasmuch as these transfers were made less than two years before the decedent's death, the presumption is that he made them in contemplation of death. Section 402 (c) of the Revenue Act of 1921. But this presumption is not conclusive. However, the burden is upon the petitioners to rebut it.

The term " in contemplation of death," within the meaning of the statute, calls for something more than the knowledge that death will come at some time, and the reflection which might naturally accompany that thought from time to time.

*Rea* v. *Heiner*, 6 Fed. (2d) 389; *Shwab* v. *Doyle*, 269 Fed. 321; *Spreckels* v. *State*, 30 Cal. App. 363; 158 Pac. 549; *Vaughan* v. *Riordan*, 280 Fed. 742; *Meyer* v. *United States*, 60 Ct. Cls. 474; *Estate of Charlotte C. Lozier*, 7 B. T. A. 1050; *Joseph Edward Phillips, Executor*, 7 B. T. A. 1054; *Illinois Merchants Trust Co., Executor*, 12 B. T. A. 818.

In our opinion, the decedent did not act in contemplation of death with respect to the gifts of stock and the trust fund for his grandson. The evidence shows that he was active, for one of his years, at and after the dates when these transactions were effected. He exhibited a lively interest in the affairs of his ranch, in the business he had so long conducted, in the news of the day, and in the current affairs of his friends and associates. Undoubtedly he knew that, compared to the number of years he had already lived, his remaining span of life was short. He was aware that his bronchitis of some years' standing could not be cured, and he knew he had trouble in breathing after undue exertion. But that condition was not one which, apparently, gave him any alarm. And the evidence clearly shows that he had, and expressed, good and sufficient reasons, other than the contemplation of death, for making the transfers in question. We think that the reasons so held and expressed by him were the proximate motives which impelled his action. Certainly the evidence negatives the idea that contemplation of death was the motive without which the transfers would not have been made.

The tax should be recomputed, omitting from the gross estate the value of the 804 shares of stock given by the decedent to his son, his daughter, and his nephew, on or about May 31, 1922, and the $12,000 which constituted the trust fund for decedent's grandson.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*